[Docket No. 12]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>     Plaintiff,<br><br>          v.<br><br>DON TEQUILA BAR & GRILL, LLC, et al.,<br><br>     Defendants. | Civil No. 19-84 (RMB/JS)<br><br>OPINION |

APPEARANCES:

PRESLER, FELT & WARSHAW, LLP
By: Michael Jon Peters, Esq.
7 Entin Road
Parsippany, New Jersey 07054
     *Counsel for Plaintiff*

**BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff G & G Closed Circuit Events, LLC ("G & G") brings this suit under the anti-piracy provisions of the Communications Act. On January 13, 2020 the Court granted in part and denied in part G & G's Motion for Default Judgment. [See Docket Entries 10, 11][1] G & G, as the prevailing party in this suit, presently moves for an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 54 and 47

---

[1] The Court denied the motion insofar as Plaintiff sought $4,800.00 in statutory damages and $14,400.00 in enhanced damages, but the Court awarded only $1,600.00 in statutory damages and $3,200.00 in enhanced damages, for a total of $4,800.00 in damages.

1

U.S.C. § 605(e)(3)(B)(iii).  For the reasons stated herein, the motion will be granted.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

On March 18, 2017, Defendant Don Tequila, without obtaining a license from G & G, unlawfully intercepted and decrypted *Gennady Golovkin v. Daniel Jacobs, WBA Super World Middleweight Championship Fight Program* and broadcast it to approximately thirty-five patrons. G & G filed this suit to recover damages, Defendants defaulted, and the Court granted default judgment in favor of G & G.  [See Docket Entries 10, 11]

## II.  LEGAL STANDARD

"A claim for attorney's fees and related nontaxable expenses must be made by motion[.]"  Fed. R. Civ. 54(d)(2)(A); see also L. Civ. R. 54.2.  Fee shifting is available in this case pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), which provides, "[t]he court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

"'The Third Circuit uses a lodestar approach to determine reasonable attorneys' fees.  This approach calculates attorneys' fees based on the number of hours reasonably expended on the case multiplied by a reasonable hourly rate.'" J & J Sports Prod., Inc. v. Suarez Enterprises, LLC, 2020 WL 832917, at *2 (D.N.J. Feb. 20, 2020) (quoting Joe Hand Promotions, Inc. v. Singleton, 2018 WL 3054683, at *3 (D.N.J. June 20, 2018)).

**III. ANALYSIS**

   **A.  Costs**

Plaintiff has provided sufficient evidence of the costs incurred in this suit which are: this Court's filing fee of $400.00; the process server's fee of $150.00 (Peters' Cert. Ex. A); and investigative fees of $550.00 (Peters' Cert. Ex. B).  The total costs awarded is $1,100.00.

   **B.  Reasonable Attorney's Fees**

Counsel spent 11.4 hours of time on this suit, and an additional 1 hour of time was expended by support staff. (Peters' Cert. ¶ 21) The Court has carefully reviewed the detailed, line-by-line itemization of tasks and fees provided by counsel (Peters' Cert. ¶ 21), and finds reasonable all of the time spent.  For example, in light of the type of suit and the nature of this particular case, the Court finds reasonable a total of 3.9 attorney hours spent on reviewing the file, conducting legal research, and drafting the motion for default judgment.

Counsel's hourly rate is $325 per hour, and the support staff's rate is $80 per hour. (Peters' Cert. ¶ 16)  These rates have been found reasonable in very similar cases decided by other judges in this District.  See J & J Sports Prod., Inc. v. Suarez Enterprises, LLC, 2020 WL 832917, at *2 (D.N.J. Feb. 20, 2020) (Sheridan, D.J.) ("the Court finds that Mr. Peters' hourly fee of $325 is reasonable. Indeed, it appears that several of my peer judges have approved counsel's requested rate.").  Moreover, counsel's rate is consistent

with the prevailing rates for attorneys of comparable experience in New Jersey. (Peters' Cert. Ex. D)

Accordingly, the Court finds reasonable both the time spent prosecuting this case, and the rates of counsel and staff working on this case. The total fees awarded is $3,785.00.

## IV. CONCLUSION

For the foregoing reasons, G & G's Motion for Attorney's Fees and Costs will be granted. An appropriate Order awarding a total of $4,885.00-- $1,100.00 in costs plus $3,785.00 in fees-- shall issue on this date. A final judgment of $9,685.00-- which is the Court's damages award of $4,800.00 plus the award of costs and attorney's fees-- will also be entered.

Dated: August 12, 2020

RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE